IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Melodie Shuler; M.K.D.; M.T.S.D., | ) | C/A No. 5:19-88-MGL-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| State of South Carolina; Orangeburg County Sheriff's Department; Sheriff Leroy Ravenell; Captain Antonia Turkvant; Chief Kenneth Kinsey; Captain Lacrea Jenkins; Lieutenant Coyler; Sergeant Allen Hunter; Orangeburg County Sheriff's Deputies; Franklin Ashley Williams; Michael Lawrence; John Stuke; Derek Howell; Andre Brisbon; Chris Powell; Carelene Jenkins; Calvin Hall; Laquetta Sumpter; Samuel Daily; Derrick Dash; Diane Goodstein; Winnifa B. Clark; South Carolina Law Enforcement Division; Officer Lawrence Wiggins; North Charleston Police Department; Chief Eddie Driggers; Sergeant Ronald Webb; Officer Clarence Habersham; Justin Infinger; Officer Justice Jenkins; South Carolina Department of Social Services; Sylvia Mitchum; Traci Alter Michele Blue; Gillum; One Unknown Individual; Six Unknown DSS Workers, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER AND REPORT AND RECOMMENDATION** |
| Defendants. | ) ) | |

The plaintiff, Melodie Shuler, a self-represented litigant, purports to bring this civil rights and personal injury action on behalf of herself and her two minor children, M.K.D. and M.T.S.D. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)

(D.S.C.). By order dated February 12, 2019, the court provided Shuler with the opportunity to obtain counsel for her minor children.[1] (ECF No. 9.)

Shuler has not retained counsel for her minor children, and the deadline imposed by the court to do so has now passed. Instead, Shuler filed a motion to appoint counsel for her minor children. (ECF No. 13.) In the motion, Shuler indicates she is indigent and cannot hire an attorney. (Id. at 1.) She claims she "exercised diligence in attempting to secure counsel" but "many attorney are not interest in vindicate civil right violations and have employment contracts with the state of South Carolina preventing them from taking cases against the state." (Id.) (errors in original).

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Here, the court finds this case does not present exceptional circumstances that would require the appointment of counsel. While Shuler claims she has been diligent in her attempt to hire counsel, she fails to provide any explanation as to what steps she took to obtain counsel, and the court is not persuaded that local attorneys are not interested in taking cases to vindicate civil rights violations, or that there are a lack of attorneys that are not conflicted because of contracts with the

---

[1] See generally Myers v. Loudoun Cty. Pub. Schs., 418 F.3d 395, 401 (4th Cir. 2005).

PJG

State of South Carolina. Moreover, Shuler's failure to obtain counsel, or attorneys' unwillingness to take her children's case, are not themselves exceptional circumstances justifying the appointment of counsel. Cf. Jackson v. Cty. of McLean, 953 F.3d 1070 (7th Cir. 1992) ("While there may be conditions or circumstances which preclude the effective operation of the contingent fee system in particular cases, we believe that a court contemplating an appointment of counsel under § 1915(d) is justified in subjecting an indigent's claim to heightened scrutiny if the petitioner was unsuccessful in obtaining counsel."). This is especially true for a litigant like Shuler who has experience as a practicing attorney. Consequently, Shuler's motion to appoint counsel for her minor children is denied. (ECF No. 13.) Also, because Shuler has failed to retain counsel for M.K.D. and M.T.S.D., the court recommends the minor children be dismissed as plaintiffs in this action.

April 4, 2019
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).