IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Melodie Shuler, | ) | C/A No. 5:19-88-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Orangeburg County Sheriff's Department; | ) | |
| Sheriff Leroy Ravenell; Captain Antonia | ) | |
| Turkvant; Chief Kenneth Kinsey; Captain | ) | |
| Lacrea Jenkins; Lieutenant Coyler; Sergeant | ) | |
| Allen Hunter; Franklin Ashley Williams; | ) | |
| Michael Lawrence; John Stuke; Derek Howell; | ) | |
| Andre Brisbon; Chris Powell, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Melodie Shuler, a self-represented litigant, purports to bring this civil rights and personal injury action on behalf of herself and her two minor children, M.K.D. and M.T.S.D.[1] Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

While screening this matter pursuant to established local procedure in this judicial district, the court concluded Plaintiff's allegations concern six separate and distinct incidents concerning different groups of defendants. The court finds the following distinctions between the incidents and groups of defendants:

---

[1] In a contemporaneously issued Order and Report and Recommendation, the court recommended that M.K.D. and M.T.S.D. be dismissed from this action for Shuler's failure to retain counsel on their behalf.

**(1) Plaintiff's 2016 arrest by the Orangeburg County Sheriff's Department, and related claims against this law enforcement office.**

Generally, Plaintiff claims she and her children were victims of domestic violence by her husband, but these defendants failed to protect her, unlawfully entered her home and arrested her, used excessive force against her and her children, ordered her landlord to evict them, reported her to the South Carolina Department of Social Services, and defamed her. This occurred in early 2016.

These claims pertain to the following defendants: the Orangeburg County Sheriff's Department; Sheriff Leroy Ravenell; Captain Antonia Turkvant; Chief Kenneth Kinsey; Captain Lacrea Jenkins; Lieutenant Coyler; Sergeant Allen Hunter; Franklin Ashley Williams; Michael Lawrence; John Stuke; Derek Howell; Andre Brisbon; and Chris Powell.

**(2) Plaintiff's 2016 arrest by the North Charleston Police, and related claims against this law enforcement office.**

Generally, Plaintiff alleges these defendants failed to protect her from her abusive husband, illegally entered her home and arrested her, harassed her, and evicted her from her residence. These events occurred between 2016 and 2017.

These claims pertain to the following defendants: the North Charleston Police Department; Chief Eddie Driggers; Sergeant Ronald Webb; Officer Clarence Habersham; Justin Infinger; and Officer Justice Jenkins.

**(3) Plaintiff's claims against her former landlord, Carelene Jenkins, and Jenkins's son, Calvin Hall, for an eviction and physical altercation.**

Plaintiff claims these defendants broke their lease agreement and land deal, accused Plaintiff of criminal acts, and committed acts of violence against Plaintiff and her children.

These claims pertain to Defendants Carelene Jenkins and Calvin Hall.

**(4) Plaintiff's claims related to her state criminal proceedings.**

Generally, Plaintiff alleges that the judges in her state criminal proceedings committed numerous legal errors, the clerks of court denied her access to court records, and the prosecuting officers engaged in misconduct.

These claims pertain to the following defendants: the State of South Carolina; Sheriff Leroy Ravenell; Captain Antonia Turkvant; Laquetta Sumpter; Samuel Daily; Derrick Dash; Diane Goodstein; and Winnifa B. Clark.

PJG

**(5)    Plaintiff's claim that SLED denied her a security officer's license.**

Plaintiff alleges SLED denied her a "security officer license" because of her January 2016 arrest, without notice or due process of law.

This claim pertains only to Defendant South Carolina Law Enforcement Division.

**(6)    Plaintiff's claims against the SCDSS defendants.**

Plaintiff alleges the South Carolina Department of Social Services and its employees ignored a court order by failing to provide Plaintiff assistance, its employees harassed Plaintiff and her minor children, and its employees made up false allegations that Plaintiff was mentally ill and not taking her medication. SCDSS also refused to "close her public benefits" so that she could receive benefits in Washington, D.C.

These claims pertain to the following defendants: the South Carolina Department of Social Services; Sylvia Mitchum; Traci Alter; Michele Blue; Gillum; and Six Unknown DSS Workers.

Accordingly, the court concludes Plaintiff's claims should be severed into six distinct matters. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); see also Fed. R. Civ. P. 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (providing that where a plaintiff fails to observe the requirements of Federal Rule of Civil Procedure 20(a)(2) with respect to joinder of parties, unrelated claims against different defendants belong in separate lawsuits, and the action may be severed into separate lawsuits).

**TO THE CLERK OF COURT**:

The above-captioned case should pertain only to the first incident listed above—Plaintiff's 2016 arrest by the Orangeburg County Sheriff's Department and related claims against this law enforcement office. The defendants in this action should be the Orangeburg County Sheriff's Department; Sheriff Leroy Ravenell; Captain Antonia Turkvant; Chief Kenneth Kinsey; Captain

PJG

Lacrea Jenkins; Lieutenant Coyler; Sergeant Allen Hunter; Franklin Ashley Williams; Michael Lawrence; John Stuke; Derek Howell; Andre Brisbon; and Chris Powell.[2] Therefore, the Clerk of Court is directed to terminate all of the other defendants from the above-referenced docket as reflected in the caption of this order.

The Clerk of Court is further directed to assign five separate civil action numbers to Plaintiff based on the second through sixth groupings of incidents and defendants listed above. The Clerk of Court shall file this order and as the initial docket entry in the newly created cases. The defendants listed in each case should correspond to the defendants listed in the incidents' groupings as shown above.[3]

**TO PLAINTIFF:**

Based on the foregoing, your case has been severed into six separate cases. You will receive an order for each of those cases explaining how to file the documents necessary to bring those cases into proper form for initial review and the issuance and service of process. Each of those cases will have separate case captions and case numbers that will aid you in keeping the cases separate.

Going forward, the instant case (C/A No. 5:19-88-MGL-PJG) will concern only your allegations about the first incident listed above—Plaintiff's 2016 arrest by the Orangeburg County Sheriff's Department, and related claims against this law enforcement office, and the only defendants in this case are Defendants Orangeburg County Sheriff's Department; Sheriff Leroy Ravenell;

---

[2] The court has not construed "Orangeburg County Sheriff Deputies" as a party because it appears Plaintiff intended it as a label for the names that follow it in the caption. Accordingly, that party should be terminated as a defendant.

[3] The Clerk of court shall separate the names "Traci Alter" and "Michele Blue" in the last case concerning the South Carolina Department of Social Services, as it appears they are separate persons.



Captain Antonia Turkvant; Chief Kenneth Kinsey; Captain Lacrea Jenkins; Lieutenant Coyler; Sergeant Allen Hunter; Franklin Ashley Williams; Michael Lawrence; John Stuke; Derek Howell; Andre Brisbon; and Chris Powell.

Plaintiff must place the civil action number listed above (C/A No. 5:19-88-MGL-PJG) on any document provided to the court pursuant to this order, **in this case**. Any future filings in this case must be sent to the address below (901 Richland Street, Columbia, South Carolina 29201). All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Therefore, Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If, as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

Page 5 of 6

PJG

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 4, 2019
Columbia, South Carolina