IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Melodie Shuler, | ) | C/A No. 5:19-88-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND** |
| Orangeburg County Sheriff's Department; | ) | **REPORT AND RECOMMENDATION** |
| Sheriff Leroy Ravenell; Captain Antonia | ) | |
| Turkvant; Chief Kenneth Kinsey; Captain | ) | |
| Lacrea Jenkins; Lieutenant Coyler; Sergeant | ) | |
| Allen Hunter; Franklin Ashley Williams; | ) | |
| Michael Lawrence, John Stuke; Derek | ) | |
| Howell; Andre Brisbon; Chris Powell; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Melodie Shuler, proceeding *pro se*, filed this civil rights action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the motion for summary judgment filed by Defendants Michael Lawrence and John Stuke.[1] (ECF No. 59.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Shuler of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion.[2] (ECF No. 62.) Shuler filed a response in opposition to the defendants' motion as well as a cross motion for summary judgment. (ECF No. 71). The defendants filed a response to Shuler's motion. (ECF

---

[1] The court issued a report and recommendation on July 8, 2019, recommending the other defendants be summarily dismissed from this matter without the issuance of service of process. (ECF No. 34.) That report and recommendation remains pending. Any mention of "defendants" in the instant report and recommendation refers only to Defendants Lawrence and Stuke.

[2] Shuler indicates that while she is proceeding *pro se*, she is a lawyer, though she is not a member of the South Carolina Bar.

No. 76). Having reviewed the record presented and the applicable law, the court concludes that the defendants' motion should be granted and that Shuler's motion should be denied.

## BACKGROUND

This matter arises out of Shuler's arrest for third-degree assault and battery on January 9, 2016 by Orangeburg County Sheriff's Deputies Michael Lawrence and John Stuke. The parties provide substantially different accounts of the circumstances of the arrest by way of affidavits supporting their motions. However, the following facts are undisputed and sufficient to resolve the arguments raised by the parties in their motions.

On January 9, 2016, Lawrence and Stuke arrested Shuler for third-degree assault and battery. Shuler was transported to the Orangeburg County Detention Center by another deputy and a bond hearing was held for her on January 10, 2016 before an Orangeburg County magistrate. (Defs.' Mot. Summ. J., Lawrence Aff., ECF No. 59-2 at 3.) Shuler was tried *in abstentia* by a jury on April 5, 2016 and found guilty. Stuke was the prosecuting officer at the trial. (Defs.' Mot. Summ. J., Criminal Verdict, ECF No. 59-8 at 2.)

Shuler filed this civil action seeking damages against the defendants on January 11, 2019. Shuler raises the following causes of action against Stuke and Lawrence in the Complaint, as construed by the court in its July 8, 2019 order authorizing the issuance and service of process:

- claims pursuant to 42 U.S.C. § 1983 for race and sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, retaliation for protected speech in violation of the First Amendment, excessive force in violation of the Eighth Amendment, illegal search and seizure in violation of the Fourth Amendment, substantive and procedural due process violations under the Fourteenth Amendment.

- conspiracy to violate the First Amendment in violation of 42 U.S.C. § 1985;

- state law tort claims of false arrest and imprisonment, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence; and

- violations of the Equal Protection, Privileges and Immunities, and Due Process Clauses of the South Carolina Constitution.

(ECF No. 35 at 1-2.)

## DISCUSSION

**A.  Summary Judgment**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. While the court normally gives liberal construction to *pro se* pleadings, where the *pro se* plaintiff is a practicing or former attorney, courts have declined to give liberal construction to the complaint. Polidi v. Bannon, 226 F. Supp. 3d 615, 617 n.1 (E.D. Va. 2016) (collecting cases).

**B.     Defendants' Motion**

    **1.          Federal Claims**

The defendants assert that Shuler's federal claims are barred by the statute of limitations. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235 (1989); Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); Brannon v. Blanton, C/A No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim."); see also S.C. Code Ann. § 15-3-530(5). A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to her that reasonable inquiry will reveal her cause of action. Nasim v. Warden, Md. House of Corr., 64 F.3d

951, 955 (4th Cir. 1995); see also Wallace v. Kato, 549 U.S. 384 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law).

Shuler filed this action on January 11, 2019. Consequently, Shuler's claims that accrued when she was arrested on January 9, 2016 are barred by the statute of limitations. Such claims that accrued on the date of the arrest include her claims of excessive force, retaliatory arrest and conspiracy, unlawful entry and search of her home, or failure to protect based on her race or sex. See Smith v. McCarthy, 349 F. App'x 851, 857 (4th Cir. 2009) (finding the district court properly dismissed the plaintiff's claims of excessive force, violation of due process, illegal entry on property, illegal search and seizure, etc. as untimely because they accrued on the date arrest); Harrison v. Sumter Cty. Sheriff's Dep't, C/A No. 3:17-3442-RMG-BM, 2018 WL 1225207, at *3 (D.S.C. Feb. 15, 2018) (collecting cases), adopted by, No. 3:17-CV-03442, 2018 WL 1225108 (D.S.C. Mar. 7, 2018). Moreover, to the extent Shuler asserts a claim for false arrest or imprisonment, that claim accrued, at the latest, on January 10, 2016, when she was released after a bond hearing before a magistrate. See Wallace v. Kato, 549 U.S. at 390 (stating that the statute of limitations for a § 1983 false arrest or imprisonment claim begins to run when the plaintiff appears before an examining magistrate and is bound over for trial).[3]

To the extent Shuler asserts that the defendants violated her constitutional rights in their prosecution of her after her arrest, such claims are not barred by the statute of limitations because the claims did not accrue, if at all, until the criminal proceedings terminated in her favor. See

---

[3] In response, Shuler argues that the statute of limitations fell on a weekend, and therefore, she could not file the case until the court reopened. See Fed. R. Civ. P. 6(a). However, January 9, 2019 was a Wednesday, and Shuler filed this case on Friday January 11, 2019. Shuler also argues she had injuries that incapacitated her until January 10, 2017. (Pl.'s Resp., ECF No. 71 at 2.) However, Shuler does not allege that she was incapacitated for the next two years, during which she still did not file this case.

Owens v. Baltimore City State's Attorneys Office, 767 F.3d at 390 ("[T]he limitations period for a plaintiff's malicious prosecution claim commences when the proceedings brought against him are resolved in his favor."); see also Wallace, 549 U.S. at 392-93. However, the defendants correctly assert that any malicious prosecution claim necessarily fails because Shuler has not successfully challenged her conviction. See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (providing that to state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor").[4] Therefore, Shuler's federal claims are either untimely or fail as a matter of law.

2.  **State Law Claims**

As to Shuler's state law tort claims, the defendants argue the claims fail as matter of law under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq.[5] The court agrees. The defendants are not personally liable under the Act. The Act provides, "This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code Ann. § 15-78-70(a).[6] And, to the extent Shuler has named the proper governmental entity as a defendant, it would be immune from suit. Under the Act, the State expressly consents to suit only

---

[4] Shuler provides no response to the defendants' argument that she has not successfully challenged her conviction.

[5] Shuler provides no response to the defendant's argument that her state tort law claims fail.

[6] Shuler provides no indication that she seeks to hold the defendants personally liable for acts that would fall outside of the Act, such as actual fraud, actual malice, intent to harm, or crimes involving moral turpitude. See S.C. Code Ann. § 15-78-70(b).

in a South Carolina state court and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e); see also Pennhurst State School, 465 U.S. at n.9 (1984) (recognizing that a state must expressly consent to suit in a federal district court). Because the waiver of immunity extends only to suit in state courts, Shuler cannot bring a claim pursuant to the SCTCA in federal court. See, e.g., Gaskins v. South Carolina, C/A No. 8:15-4456-JMC-JDA, 2016 WL 8677201, at *3 (D.S.C. Jan. 8, 2016) (observing that a claim sought to be filed initially in federal court under the South Carolina Tort Claims Act "is not permitted in this federal court because of the Eleventh Amendment"), adopted by 2016 WL 3207855 (D.S.C. June 10, 2016); cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002) (holding that a State that voluntarily invokes the jurisdiction of the federal court by removing a case waives immunity for claims in which *it has consented to suit in its own courts*).[7]

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendants' motion for summary judgment (ECF No. 59) be granted, and that Shuler's motion for summary judgment (ECF No. 71)

---

[7] To the extent Shuler asserts state law claims based on violations of the South Carolina Constitution, the defendants correctly assert that South Carolina does not recognize a cause of action for monetary damages for constitutional violations. See Palmer v. State, 829 S.E.2d 255, 261 (S.C. Ct. App. 2019).

be denied.[8]  In light of the court's recommendation, Shuler's motions for a hearing (ECF Nos. 70, 71, & 74) and motion for an extension of time to comply with the court's orders (ECF No. 74) are terminated as moot.  Moreover, Shuler's motion seeking sanctions is denied as frivolous.  (ECF No. 70.)

March 11, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[8] Shuler also moves to amend her complaint.  (ECF No. 74.)  As explained by the defendants in their response opposing Shuler's motion, (ECF No. 77), the motion is untimely.  While Shuler asserts several reasons for not being able to timely file the motion—including a head injury and inability to receive her mail—she fails to provide any evidence to substantiate her reasons that show she was incapable of prosecuting this case.  Therefore, she fails to establish good cause to excuse the untimely motion.  Regardless, the court has reviewed the proposed amended complaint and concludes that it provides no new allegations or claims that would change the court's findings that her claims are either untimely, fail as a matter of law, not cognizable against these defendants, or not properly brought in this court.  Therefore, any amendment would be futile.  See generally U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).  Shuler's motion to amend is denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).