

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| MELODIE SHULER, §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>ORANGEBURG COUNTY SHERIFF'S §<br>DEPARTMENT, SHERIFF LEROY §<br>RAVENELL, *in his individual and official* §<br>*capacity*, CAPTAIN ANTONIA TURKVANT, §<br>*in her individual and official capacity*, CHIEF §<br>KENNETH KINSEY, *in his individual and* §<br>*official capacity*, CAPTAIN LACREA §<br>JENKINS, *in his individual and official* §<br>*capacity*, LIEUTENANT COYLER, *in his* §<br>*individual and official capacity*, SERGEANT §<br>ALLEN HUNTER, *in his individual and* §<br>*official capacity*, FRANKLIN ASHLEY §<br>WILLIAMS, *in his individual and official* §<br>*capacity*, MICHAEL LAWRENCE, *in his* §<br>*individual and official capacity*, JOHN STUKE §<br>*in his individual and official capacity*, DEREK §<br>HOWELL, *in his individual and official* §<br>*capacity*, ANDRE BRISBON, *in his individual* §<br>*and official capacity*, and CHRIS POWELL, *in* §<br>*his individual and official capacity*, §<br>Defendants. §<br>§ | Civil Action No. 5:19-00088-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING CERTAIN DEFENDANTS**

Plaintiff Melodie Shuler (Shuler), proceeding pro se, filed this civil rights action against

Defendants Orangeburg County Sheriff's Department (OCSD), Sheriff Leroy Ravenell (Ravenell),

Captain Antonia Turkvant (Turkvant), Chief Kenneth Kinsey (Kinsey), Captain Lacrea Jenkins

(Jenkins), Lieutenant Coyler (Coyler), Sergeant Allen Hunter (Hunter), Franklin Ashley Williams (Williams), Michael Lawrence (Lawrence), John Stuke (Stuke), Derek Howell (Howell), Andre Brisbon (Brisbon), and Chris Powell (Powell) (collectively, Defendants) under 42 U.S.C. §§ 1983 and 1985, as well as a number of state-law causes of action.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Shuler's complaint be summarily dismissed without prejudice and without issuance and service of process as to OCSD, Ravenell, Turkvant, Kinsey, Jenkins, Coyler, Hunter, Williams, Howell, Brisbon, and Powell.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on July 8, 2019.  Shuler filed her Objections to the Report (Objections) on July 29, 2019.  The Court has reviewed the objections but holds them to be without merit.  It will therefore enter judgment accordingly.

The Magistrate Judge suggests the Court dismiss the claims against OCSD as barred by sovereign immunity under the Eleventh Amendment.  She further recommends dismissing the

2

federal claims against Williams, Howell, and Brisbon because Shuler failed to make any allegations she was discriminated against based on race or sex supporting a claim under § 1983. As for Williams, she submits the Court should dismiss § 1985 claim for a failure to allege an overt act in furtherance of the conspiracy. Finally, for Ravenell, Turkvant, Kinsey, Jenkins, Coyler, Hunter, and Powell, the Magistrate Judge recommends dismissal of all claims as Shuler failed to allege any of these defendants were personally involved.

The Court identifies three objections raised by Shuler requiring de novo review. The Court will address each. The remainder of Shuler's objections fail to address the legal analysis performed the Magistrate Judge, serving as general factual recitations mirroring her complaint. The Court identifies no error with the Report as to these remaining sections, and therefore will overrule all remaining objections. *See Orpiano*, 687 F.2d at 47 (stating general objections fail to trigger de novo review).

Shuler first objects to the Magistrate Judge's determination OCSD is entitled to sovereign immunity. She raises three arguments under this objection.

Sovereign immunity dictates states are immune from suits seeking damages absent consent to suit by that sovereign. *Alden v. Maine*, 527 U.S. 706, 712 (1999). "[A] State's waivers of sovereign immunity [must] be unequivocal." *Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680 (1999). Shuler raises two unique arguments South Carolina consented to this suit, both unavailing. She also raises a third ancillary argument.

First, Shuler argues South Carolina's general acceptance of federal funds is sufficient to waive a defense of sovereign immunity in this case. The mere acceptance of federal funds, however, is insufficient to automatically waive sovereign immunity. *See, e.g.*, *Madison v. Virginia*, 474 F.3d 118, 131 (4th Cir. 2006) (stating provision of federal funds waives sovereign

immunity only when unambiguously stated by Congress in the provision).  Shuler identifies no specific federal funding purportedly supporting a waiver, nor any language from any federal statute requiring waiver on the issues presented in her suit.  Thus, the general acceptance of federal funds is insufficient to allow the Court to find a general waiver of sovereign immunity applicable to this complaint.

Second, Shuler asserts South Carolina's previous consent to similar suits binds this Court to find consent in this case.  South Carolina has explicitly declined to waive sovereign immunity for suits in federal court.  S.C. Code Ann. § 15-78-20(e).  Absent an exception to sovereign immunity, this invocation of sovereign immunity would be dispositive.  The Court can find no support for, nor has Shuler cited to any cases to support, previous participation by the state in a suit concerning similar subject matter overriding an explicit statutory assertion of sovereign immunity rights.  Because South Carolina has failed to consent, the Eleventh Amendment bars this action from proceeding.

Finally, Shuler argues sovereign immunity is inapplicable to persons sued in their individual capacity.  This argument is inapplicable to OCSD—the only party for which the Magistrate Judge performed a sovereign immunity analysis—and therefore fails.  Accordingly, the Court will overrule Shuler's first objection.

Second, Shuler objects to the dismissal of her claim under 42 U.S.C. § 1985 because she alleges Williams, a sheriff deputy with OCSD, committed an overt act when he told her landlord to evict her.  To establish a claim under § 1985, a plaintiff must demonstrate:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

Even if the purported conversation between Williams and her landlord serves as an overt act, Shuler still fails to demonstrate any class-based, invidious discriminatory animus on the part of Williams.  Rather, her complaint specifically states Williams made the comment to her landlord "because I confronted the landlord about lying in stating that my spouse did nothing to me when the landlord clearly seen me being attacked."  Compl. ¶ 138.  This is insufficient to establish the necessary elements for a claim under § 1985, and therefore the Court will overrule Shuler's second objection, too.

Finally, Shuler objects to the dismissal of Ravenell, Turkvant, Kinsey, Jenkins, Coyler, and Hunter as supervisors, arguing she is suing them in their individual capacity.  Shuler, however, states her suit is based on their "failure to provide her with the supervision process that she was entitled as they all failed to investigate her complaints."  Objections at 9.  This quintessentially addresses each of these defendant's official roles and fails to address the Report's legal analysis on the ability to sue for purportedly delinquent supervision.  The Court finds no error with the Magistrate Judge's legal analysis and therefore will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Shuler's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Shuler's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance or service of process as to OCSD, Ravenell, Turkvant, Kinsey, Jenkins, Coyler, Hunter, Williams, Howell, Brisbon, and Powell.

**IT IS SO ORDERED.**

Signed this 22nd day of April 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.