88



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| MELODIE SHULER, § <br>     Plaintiff, § <br> § <br> vs. § <br> § <br> ORANGEBURG COUNTY SHERIFF'S § <br> DEPARTMENT, SHERIFF LEROY § <br> RAVENELL, *in his individual and official* § <br> *capacity*, CAPTAIN ANTONIA TURKVANT, § <br> *in her individual and official capacity*, CHIEF § <br> KENNETH KINSEY, *in his individual and* § <br> *official capacity*, CAPTAIN LACREA § <br> JENKINS, *in his individual and official* § <br> *capacity*, LIEUTENANT COYLER, *in his* § <br> *individual and official capacity*, SERGEANT § <br> ALLEN HUNTER, *in his individual and* § <br> *official capacity*, FRANKLIN ASHLEY § <br> WILLIAMS, *in his individual and official* § <br> *capacity*, MICHAEL LAWRENCE, *in his* § <br> *individual and official capacity*, JOHN STUKE § <br> *in his individual and official capacity*, DEREK § <br> HOWELL, *in his individual and official* § <br> *capacity*, ANDRE BRISBON, *in his individual* § <br> *and official capacity*, and CHRIS POWELL, *in* § <br> *his individual and official capacity*, § <br>     Defendants. § | Civil Action No. 5:19-00088-MGL |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**
**TO FILE HER APPEAL**

I.     INTRODUCTION

Plaintiff Melodie Shuler (Shuler) filed her complaint against Defendants Orangeburg County Sheriff's Department (OCSD), Sheriff Leroy Ravenell (Ravenell), Captain Antonia Turkvant (Turkvant), Chief Kenneth Kinsey (Kinsey), Captain Lacrea Jenkins (Jenkins), Lieutenant Coyler (Coyler), Sergeant Allen Hunter (Hunter), Franklin Ashley Williams (Williams), Michael Lawrence (Lawrence), John Stuke (Stuke), Derek Howell (Howell), Andre Brisbon (Brisbon), and Chris Powell (Powell) (collectively, Defendants) under 42 U.S.C. §§ 1983 and 1985. She also brings a number of state law causes of action. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Shuler's motion for extension of time to file her appeal, on remand from the Fourth Circuit. Having carefully considered the motion, the response, the Fourth Circuit's opinion, the record, and the applicable law, it is the judgment of the Court the motion will be granted.

II.    PROCEDURAL HISTORY

In April 2020, the Court issued an order adopting a Magistrate Judge's Report and Recommendation and dismissing Shuler's complaint without prejudice and without issuance and service of process as to OCSD, Ravenell, Turkvant, Kinsey, Jenkins, Coyler, Hunter, Williams, Howell, Brisbon, and Powell. The same day, the Court also issued an order adopting a second Report and Recommendation and granting summary judgment as to Lawrence and Stuke (collectively, MSJ Defendants). Although Shuler had objected to the first Report and Recommendation, she had failed to object to the second.

The post office returned Shuler's copies of those orders as undeliverable. Shuler filed a notice of appeal four days after the thirty-day deadline, so MSJ Defendants moved for dismissal of the appeal in the Fourth Circuit on June 4, 2020.

After MSJ Defendants filed that motion, Shuler attempted to file a motion for extension of time to appeal with this Court on June 16, 2020, but she miscaptioned the motion with a case number corresponding to another of her pending cases. Thus, the Clerk's Office filed her motion in the wrong case. At the bottom of the motion, however, Shuler included a handwritten certificate of service that state she emailed the motion to MSJ Defendants' counsel, Norma A. Turner Jett (Jett).

Several months later, on November 11, 2020, this Court discovered the error. After the Court provided Shuler an opportunity to clarify her filing, on November 24, 2020, the Clerk's Office refiled the motion in this case and backdated the motion to the original date of filing. The docket entry included a note, automatically added when the motion was docketed in the wrong case and remaining there when refiled, stating "Response to Motion due by 6/30/2020[.]" But, that date had long passed at the time of the refiling.

The Court's online "Notice of Electronic Filing" (NEF) shows that the Court's online docketing system sent Jett notice by email when the Clerk's Office redocketed Shuler's motion for extension of time to file an appeal in this case. The Court is attaching a copy of that NEF to this Order for the benefit of both the parties and the Fourth Circuit. It is possible, too, that Jett received notice as early as June 2020, if Shuler served the motion as she noted in her certificate of service. Nevertheless, MSJ Defendants failed to respond to the motion. Thereafter, the Court granted the motion as unopposed.

3

MSJ Defendant's appellate counsel, Andrew Lindemann (Lindemann) is evidently unaware that NEF allows the Court to view, at that time and these three years later, exactly who received notification when the Clerk's Office filed Shuler's motion in this case, along with the date and time the Clerk's Office filed it, even though the NEF data is also easily available to counsel.

According to the NEF for Shuler's motion, on November 24, 2020, at 11:40 A.M., notice of Shuler's motion was emailed to Jett at two different email addresses, normajett@gmail.com and ke.nessandjett@gmail.com. The Court has conferred with the Clerk's Office, which has indicated that the emails to Jett were not returned as undeliverable.

Nevertheless, although the Court notified Jett of Shuler's motion, Lindemann mispresented to the Fourth Circuit "the procedural anomaly was not called to the attention of the [MSJ Defendants'] counsel who believed the case was on appeal." *Shuler v. Orangeburg Cnty Sheriff's Dep't*, 20-6778, ECF No. 31-1 at 8 (4th Cir. October 28, 2021) (MSJ Defendants' Appellate Brief).

Given Lindemann's misrepresentation to the Fourth Circuit, it held MSJ Defendants lacked an opportunity to respond, and thus remanded with instructions to provide them with that chance. *Shuler v. Orangeburg Cnty Sheriff's Dep't*, 71 F.4th 236, 247 (4th Cir. 2023).

After the Fourth Circuit issued its mandate, the Court directed Defendants to file a response. MSJ Defendants did so, and Shuler failed to file a reply. In MSJ Defendants' response, Lindemann made a similar misrepresentation to this Court that he made to the Fourth Circuit. *See* Response at 2 ("The motion was also docketed in the case at bar, but the procedural anomaly was not called to the attention of [MSJ] Defendants' counsel who believed the case was on appeal."). The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III. STANDARD OF REVIEW

Under Federal Rule of Appellate Procedure 4(a)(6), the Court "may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," if the movant satisfies its three conditions. *Shuler*, 71 F.4th at 242 (quoting Fed. R. App. P. 4(a)(6)).

The Court must find that (1) "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;" (2) "the motion is filed within 180 days after the judgment order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier;" and (3) "no party would be prejudiced." Fed. R. App. P. 4(a)(6)(A)–(C).

"Rule 4(a)(6), however, is permissive, and thus allows the Court to deny a motion to extend time, even if the preconditions are met, if the factual and procedural circumstances in the case merit such a result." *Shuler*, 71 F.4th at 247.

### IV. DISCUSSION AND ANALYSIS

The Fourth Circuit determined that Shuler had met the three preconditions for extension of time to appeal under Rule 4(a)(6). *Id.* Thus, it remanded "only to afford the defendants an opportunity be heard on what is, ultimately, a jurisdictional question, and the [C]ourt an opportunity to state its reasoning for its decision." *Id.*

Shuler contends the Court should extend the time to appeal because extraordinary circumstances, including the onset COVID-19 pandemic and quarantine requirements, prevented her from timely receiving Court documents and filing her appeal. MSJ Defendants argue Shuler's fault in the non-receipt of the Court's orders precludes granting the motion.

The Court firsts addresses MSJ Defendants' inexplicable contention that they failed to receive notice of Shuler's motion when the Clerk's Office redocketed it in this case. Again, they made this assertion to the Fourth Circuit on appeal and again to this Court on remand.

But, as discussed above, the NEF for that docket entry shows that Jett received notice of the motion by email the day it was redocketed. And, although the Court is unable to be sure whether Shuler served her motion on Jett as she indicated in the handwritten certificate of service, if she did, it would be yet another instance that Jett received notice of the motion.

Even though the docket entry, at the time of redocketing, had the outdated notation regarding the response due date—which is automatically applied upon filing of any motion—MSJ Defendants had notice of the motion's filing and failed to respond or ask for additional time to respond. Surely, they will refrain from arguing, as a backup to their first argument, they relied on this automatically generated deadline as an additional reason they failed to file a response. Thus, the Court is unsympathetic to MSJ Defendants' plight in this case.

Furthermore, as the Court noted above, Lindemann made misrepresentations to both the Fourth Circuit and this Court about Nett's failure to receive notice of Shuler's motion to extend. Therefore, as the Court details below, he must show cause why he should not be sanctioned and/or held in contempt for his misconduct.

As for their argument that Shuler is at fault for her late filing of her notice of appeal, although this may be true, the Court is persuaded by the lack of prejudice against MSJ Defendants. True, the Court advised Shuler of her responsibility to update her address with the Court. But taking into account that MSJ Defendants evidently allowed Shuler's motion to slip through the cracks, the Court determines the circumstances weigh in favor of allowing Shuler's appeal to be

resolved on the merits, rather than a procedural technicality punishing a pro se plaintiff for a mistake MSJ Defendants also made.

*****

It is unclear from the record whether Lindemann's misrepresentations are the result of cunningness or carelessness. In any case, both are unacceptable. In addition to sullying Lindemann's reputation, misrepresentations pollute the administration of justice and, in this instance, needlessly caused continuing delay in the Fourth Circuit's consideration of Shuler's appeal. Again, the Fourth Circuit remanded this case to this Court based on Lindemann's misrepresentation the Court failed to allow MSJ Defendants an opportunity to respond to Shuler's motion.

This Court may impose sanctions "for abuses of process occurring beyond the courtroom," including "before other tribunals[.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 58 (1991).

Under Federal Rule of Civil Procedure 11, after providing notice and a reasonable opportunity to respond and show cause, the Court may sanction a party for presenting it with false information. Fed. R. Civ. P. 11(b) and (c). Available sanctions include nonmonetary directive or a penalty to the Court. *Id.* at (c)(4).

So, those options are available to the Court. The Court must also determine whether the misrepresentations merit the Court referring the matter to the Office of Disciplinary Counsel.

### V. CONCLUSION

For the reasons stated above, it is the judgment of the Court Shuler's motion for extension of time to file her appeal is **GRANTED**.

Given Lindemann's misrepresentation, not later than **December 15, 2023**, Lindemann must show cause why he should not be held in contempt and/or sanctioned and/or reported to the Office of Disciplinary Conduct for his misrepresentations.

**IT IS SO ORDERED.**

Signed this 15th day of November 2023, in Columbia, South Carolina.

<div style="text-align:right">

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

</div>

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.